## LANGLEY & al. *versus* BARTLETT & al.

When a note, payable on time, is given for the amount of a note then overdue against the same maker, no principle of law is violated by an agreement of the parties, that the old note should be held by the payee, as collateral to the new one.

The extension of the pay-day is a sufficient consideration to uphold the new note.

So the taking from the payee a written stipulation to cancel the old note upon the payment of the new one, is a sufficient consideration.

On Report from *Nisi Prius,* Howard, J. presiding.

*Robinson,* for the plaintiffs.

*Herbert,* for the defendants.

Howard, J., orally. — This is assumpsit on two notes of hand. It appears that these defendants, several years ago,

gave to the plaintiffs two notes, one on demand and the other upon time, and secured the same by mortgage. Partial payments were made upon them. After they had become overdue, the notes, now in suit, were given for the balance due on the old notes. At the time the new notes were made, the old notes were not given up, nor has the mortgage ever been discharged. At the making of the new notes, however, the plaintiffs gave to the defendants a paper setting forth, that they held the old notes as collateral security for the new ones, and agreeing, that when the new notes were paid, they would cancel and surrender the old ones and discharge the mortgage.

In this State, the taking a negotiable promissory note for an old one, is *prima facie* evidence of payment. But instead of being considered paid, the old note by agreement of parties may be held as collateral ; and that fact may be proved by parol.

The parties in this case, undoubtedly, had their object in · this agreeement. It may have been a benefit to all of them ; and there is no reason why such an agreement should be annulled. It is contended, that there was no consideration for the new notes, inasmuch as the old ones, for which they were given, have been continued in force. But the extension of a pay-day is a sufficient consideration. The new notes were given on four and five months, although the old ones were then overdue. The old notes could not be collected until the new ones became payable. Besides, the debtors took at the time a promise in writing to surrender the old notes upon condition, which was also a sufficient consideration, a promise for a promise.

*Defendants defaulted.*